(November 25, 1895.)

## JOLLY v. WOODWARD, Auditor.

[42 Pac. 512.]

MANDAMUS—ASSESSOR AND TAX COLLECTOR—PUBLICATION OF DE-LINQUENT TAX LIST.—The assessor and tax collector has no authority to audit and allow the claim charge for publishing the delinquent tax list.

COUNTY COMMISSIONERS AUTHORIZED TO AUDIT AND ALLOW ALL CLAIMS.—The board of county commissioners is authorized to audit and allow all claims for such publication.

SAME—CHARGE FOR PUBLISHING LIST NOT UNDER SECTION 2005 OF
THE REVISED STATUTES.—The charge or claim for compensation
for publishing such list under a contract with the assessor and
tax collector does not bring such charge within the meaning of
the phrase "amounts fixed by law," as used in section 2005 of the
Revised Statutes.

SECTIONS 1776 AND 1780 PROVIDE FOR REMEDIES TO CORRECT ACTION
OF BOARD.—Parties aggrieved by the action of the board of county
commissioners have two remedies, one by appeal, under section
1776 of the Revised Statutes, and one by action against the
county, under section 1780, Idaho.

COSTS.—If respondent raises an issue in this court by brief, not
raised in the court below, and fails in such issue, the costs of
presenting the same are not chargeable to the opposing party.
(Syllabus by the court.)

APPEAL from District Court, Latah County.

Denning & Denham and George W. Goode, for Appellants.

Under section 2005 of the Revised Statutes "the auditor must
draw warrants on the county treasurer in favor of all persons
entitled thereto . . . . for all debts and demands against the
county, when the amounts are fixed by law and which are not
directed to be audited by some other person or tribunal." Under
sections 1530-1532, the statute makes the duty as resting upon
the assessor and tax collector mandatory, and in each of these
three sections the word "must" has a peculiar significance. In
none of the three sections just before mentioned is the board of
county commissioners, or any county or state officer, mentioned
as having any rights or duties in relation to the publication of
the delinquent tax list. Had the board of county commissioners
proceeded and let the contract for the county printing, it would
have been a contract void by not having been contracted "by
any agent authorized by law to make it on behalf of the county,"
and hence was a demand which the board of county commis-
sioners would have no authority to allow. (*Randall v. Yuba
County*, 14 Cal. 220; *Keller v. Hyde*, 20 Cal. 593.)

Clay McNamee and McNamee & Morgan, for Respondents.

There is no law or statute in our state which directs either
the auditor or assessor to audit or allow claims directed to be

audited or allowed; only the board of county commissioners can allow claims against the county. (Rev. Stats., sec. 2005.) Motion to quash writ was properly sustained, for the reason that appellants have other plain, speedy and adequate remedies at law; one of these remedies is provided by way of appeal from the action of the board of commissioners, and the manner in which this appeal may be taken is provided by law, in section 1776 of the Revised Statutes of Idaho. Another remedy is provided by law in section 1780 of the Revised Statutes of Idaho. *Mandamus* will not lie where there is any other plain, speedy and adequate remedy at law. (*Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Payne v. State Board of Wagon Road Commrs.,* 548; *People v. Olds,* 3 Cal. 167, 58 Am. Dec. 398; *Draper v. Noteware,* 7 Cal. 276; *Ludlum v. Fourth Dist. Court,* 9 Cal. 8; *Goodwin v. Glazer,* 10 Cal. 333; *Early v. Mannix,* 15 Cal. 150; *Crandall v. Amador County,* 20 Cal. 72; *People v. Hubbard,* 22 Cal. 35; *Meminger v. Sexton,* 24 Cal. 78.)

SULLIVAN, J.—Jolly Brothers, publishers of the "Moscow Mirror," a weekly newspaper published at Moscow, Latah county, made application to the district court of said county for a writ of mandate to compel Jay Woodworth, the auditor of said county, to issue to them a county warrant for the sum of $1,661, on the general fund of said county, that being the amount claimed to be due for the publication of the delinquent tax list of said county for the year 1894, under and by virtue of a contract alleged to have been entered into by them with David Fairburn, the assessor and tax collector of said county. An alternative writ was issued, and, on return day thereof, the said Woodworth appeared, and, by way of answer, demurred to the petition, and also moved to quash the same, on the grounds, among others, that the affidavit on which said alternative writ was issued failed to state facts sufficient to constitute a cause of action, and also that the court had no jurisdiction to issue the writ, for the reason that the plaintiffs had a plain, speedy and adequate remedy at law. After a hearing on said demurrer and motion, the court sustained them. Thereupon the plaintiffs declined to amend said application, and the court entered a judgment of dismissal. This appeal is from the judgment.

The brief of appellants fails to comply with paragraph 1 of rule 6 of the rules of this court, in that it fails to contain "a distinct enumeration of the several errors relied on." It utterly fails to specifically assign any error whatever. But, as respondent made no point on that ground, we will proceed to consider the alleged errors, as we gather them from the oral arguments of counsel and briefs on file, which alleged errors are as follows: 1. The court erred in sustaining the demurrer; 2. The court erred in sustaining the motion to quash; 3. The court erred in entering judgment of dismissal.

The facts are substantially as follows: The assessor and tax collector of Latah county entered into a contract with the appellants, whereby they agreed to publish the delinquent tax list of said county in manner and form as required by law, for the sum of one dollar for each and every name of delinquent taxpayers so published. That they published under said contract sixteen hundred and sixty-one names of delinquent taxpayers. That, after the publication of said tax list, the said David Fairburn, as assessor and tax collector, audited and allowed the claim of appellants therefor in the sum of $1,661, and evidenced the same by a certificate of audit and allowance. That thereafter the appellants presented said certificate of allowance to the respondent, Jay Woodworth, the auditor of said county, and demanded that he issue to them therefor a county warrant on the general fund of Latah county. The said auditor then and there refused to draw the same. The auditor's refusal was based upon the ground that said claim had not been audited and allowed by the board of county commissioners of said county.

The appellants contend that the law authorizes the assessor and tax collector to audit and allow said claim, and that, upon such allowance and demand on the auditor, he must draw a warrant for the payment of the same; while the respondent contends that the board of county commissioners is the proper and only body or person authorized by law to audit and allow said claim, and, until so audited and allowed, he cannot legally draw a warrant in payment thereof.

The appellants base their contention on the provisions of sections 1530, 1531 and 2005 of the Revised Statutes, and on sec-

tion 1532 of the Revised Statutes, as amended by Laws 1890-91 (1st Sess.) page 237. Said sections are as follows:

"Sec. 1530. On or before the fourth Monday in December the tax collector must publish the delinquent list, which must contain the names of the persons, and the description of the property delinquent, and the amount of taxes and costs due opposite each name, and description, with the taxes due on personal property, added to taxes on real estate, where the real estate is liable therefor, or the several taxes are due from the same person.

"Sec. 1531. The tax collector must append and publish with the delinquent list a notice that unless the taxes delinquent, together with the costs and percentage, are paid, the real property upon which such taxes are a lien will be sold at public auction.

"Sec. 1532. The publication must be made in a newspaper or supplement thereto, once a week for three consecutive weeks, published in the county, if it can be done for not more (than) one dollar for each delinquent owner of property; if it cannot be so published, then by posting in not less than three public places in the county, one of which shall be at the courthouse door."

"Sec. 2005. The auditor must draw warrants on the county treasurer in favor of all persons entitled thereto in payment of all claims and demands chargeable against the county which have been legally examined, allowed and ordered paid by the board of commissioners; also, for all debts and demands against the county when the amounts are fixed by law, and which are not directed to be audited by some other person or tribunal."

Appellants contend that said sections, taken together, require the assessor and tax collector to publish the delinquent tax list, provided it can be done for not to exceed one dollar for each delinquent owner of property; and that said sections are mandatory; and, further, that, as the assessor and tax collector must publish said list, it follows that he must make the contract therefor, and audit and allow the claim or charge of the publishers for publishing the same. In the determination of this case, it is not necessary for us decide whether the assessor and

tax collector was authorized to make the contract for the pub-
lication of the delinquent tax list as the law existed at that time,
and do not decide that question. We cannot agree with appel-
lants in their contention that, because the assessor and tax col-
lector made the contract for the publication of said list, that
fact authorized him to audit and allow the publishers' claim
therefor. The authority to audit and allow the publishers'
claim does not necessarily follow the authority to make the con-
tract, and the law nowhere provides that the assessor and tax
collector may or must audit and allow claims for publishing
the delinquent tax list. The county is chargeable with the ex-
pense of publishing the delinquent tax list, and it must be
paid out of the general fund, and audited and allowed as pro-
vided by section 2160 of the Revised Statutes, which is as fol-
lows: "Accounts for county charges of every description must
be presented to the board of county commissioners, to be audited
as provided by law." The charge for publishing the delinquent
tax list is a county charge, as defined by paragraphs 9, 10, and
section 2161 of the Revised Statutes, and claims therefor must
be presented to the board of county commissioners for audit
and allowance. The fact that each delinquent owner is charged
a certain sum for the purpose of reimbursing the county for the
money so paid does not make the county any the less liable for
the payment of the cost of publishing said list in the first in-
stance.

It is further contended by appellants that said claim comes
within that provision of section 2005 *supra,* which provides
that the auditor must draw his warrant "for all debts and de-
mands against the county where the amount is fixed by law";
that, under the contract aforesaid, the sum of $1,661 was "fixed
by law," within the meaning of that phrase as used in said sec-
tion. Had the law-making power declared that the sum of
$1,661 must be paid for the publication of the delinquent tax
list of each county, the position of the appellants would be tena-
ble; but, as the law exists, there is nothing in that point. After
the publication of said list, it became incumbent upon the
board of county commissioners, upon the presentation of the
claim for publishing the same, to ascertain whether said pub-

lication had been made in all respects as required by law, and the number of names published, etc., in order to ascertain the amount due. This the law makes the duty of the board, and not the assessor and tax collector.

As the assessor and tax collector had no authority to audit and allow said claim, it follows that a writ of mandate should not issue as prayed for. · If, upon the presentation of said claim to the board of county commissioners, the appellants were dissatisfied with their action therein, section 1776 of the Revised Statutes. provides for an appeal to the district court, and section 1780 of the Revised Statutes provides for a suit against the county. These two remedies are provided for the benefit of parties aggrieved. It follows that the appellants have a plain, speedy and adequate remedy at law, and the writ should be refused for that reason.

Motion is made by appellants to strike out all that part of respondent's supplemental brief commencing on page 4, and extending to the latter part of page 10 thereof, for the reason that it raises an issue not raised in the court below. The motion is granted, and respondent will not be allowed his costs for publishing the above-mentioned pages of said brief.

The judgment of the court below is affirmed, with costs in favor of respondent, except as above stated.

Morgan, C. J., and Huston, J., concur.